UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                                  **Date:**  April 28, 2026

**Title:**     *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

==================================================================

Present:    The Honorable Brianna Fuller Mircheff, United States Magistrate Judge

          Christianna Howard                               N/A
             Deputy Clerk                        Court Reporter / Recorder

     Attorneys Present for Plaintiff          Attorneys Present for Defendant
                  N/A                                      N/A

**Proceedings:**     **(In Chambers) Order Granting Petition (ECF 1)**

Petitioner Daniela Alejandra Rodriguez Rodriguez filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on April 20, 2026. (ECF 1.) For the reasons stated below, the Petition (ECF 1) is **granted**.

**I.     Factual Background**

Petitioner is a noncitizen who is currently detained at the Adelanto Detention Facility, within the Central District of California. (ECF 1 ("Pet.") ¶¶ 4, 13.) She entered the United States in 2024 and was detained by ICE upon entry. (Pet. ¶ 35.) She was found not to be a risk of flight or danger to the community and was released on bond, subject to required check-ins. (Pet ¶ 35.) After being released from custody, she filed an application for asylum. (Pet. ¶ 37.) Petitioner complied with the conditions of her release until she was detained at her latest check-in on April 15, 2026, without explanation. (Pet. ¶¶ 36, 43.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                **Date:**  April 28, 2026

**Title:**      *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

===================================================================

## II.    Analysis

Petitioner argues that her detention violates due process and asks for release. (Pet. ¶¶ 48-55.) Respondents "are not presenting an opposition argument at this time." (ECF 7 at 2.) Respondents' non-opposition itself is a basis to grant the Petition. *See Soleimani v. Larose*, No.: 25-cv-3082-DMS-DEB, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's answer to the petition did not respond to all claims in the petition, including a Fifth Amendment due process claim); *Singh v. Chiang*, No. ED CV 25-3024 FMO (SP), 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Beyond that, Petitioner's claim is meritorious. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process Clause] protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). The protection afforded by the Due Process Clause runs to citizens and noncitizens alike. *Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)) (cleaned up) ("It is well established that the Fifth Amendment entitles aliens to due process of law in the context of removal proceedings."). Evaluating the contours of Petitioner's due process rights proceeds in two steps: "the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." *Garcia v. Andrews*, No. 2:25-cv-01884-TLN-SCR, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing *Ky. Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                          **Date:**  April 28, 2026

**Title:**       *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

===================================================================

     1.    *Protected liberty interest*

On the first point, the Court finds that Petitioner has a protected liberty interest in remaining at liberty in the community absent sufficient justification for his re-detention.

Conditional release from physical restraint may give rise to a protected liberty interest. *Young v. Harper*, 520 U.S. 143, 147-49 (1997). Once an individual is granted conditional release, therefore, she may have a protected liberty interest in remaining in the community—and an attendant right to procedural protections before that liberty is revoked. *See id.* (due process requires pre-deprivation hearing before revocation of pre-parole); *Gagnon v. Scarpelli*, 411 U.S. 778, 782 (1973) (same, in probation context); *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) (same, in parole context). In deciding whether a specific form of conditional release gives rise to a protected liberty interest, courts compare the form of conditional release at issue with the parolee's liberty interest as described in *Morrissey v. Brewer*, a seminal case in this area. *See González-Fuentes v. Molina*, 607 F.3d 864, 887 (1st Cir. 2010) (internal quotation marks and citation omitted).

In *Morrissey*, the Supreme Court explained that parole enables a parolee "to do a wide range of things" available to individuals who have never been convicted of any crime—to live at home, work, be with his friends and family, and "form the other enduring attachments of normal life." *Morrissey*, 408 U.S. at 482. "Though the [government] properly subjects [the parolee] to many restrictions not applicable to other citizens," including monitoring and requiring authorization to work and travel, the parolee's "condition is very different from that of confinement in a prison." *Id.* Moreover, a parolee "relie[s] on at least an implicit promise that parole will be revoked only if she fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                     **Date:**  April 28, 2026

**Title:**      *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

====================================================================

live up to the parole conditions." *Id.* The revocation of parole undoubtedly "inflicts a grievous loss on the parolee," and as such, a parolee possesses a protected interest in his continued liberty. *Id.* at 481-84.

Petitioner was granted release on her own recognizance pending completion of her removal proceedings. Her release was an implicit promise that she would be able to stay in the community for the duration of her administrative proceedings so long as she complied with the conditions of her release. Her conditional released permitted her to live in the community and permitted her to work, which she has done since her release. (Pet. ¶ 37.) The Court thus easily concludes—as have many courts in this Circuit—that once Petitioner was released on bond, she gained a protected liberty interest in remaining out of custody. *E.g., Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[E]ven when ICE has the initial discretion to detain or release a noncitizen pending removal proceedings, after that individual is released from custody she has a protected liberty interest in remaining out of custody"); *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1136 (W.D. Wash. 2025) (finding that "the government's decision to release an individual [from immigration custody] creates an implicit promise that the individual's liberty will be revoked only if they fail to abide by the conditions of their release") (cleaned up); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969 (N.D. Cal. 2019) ("Just as people on preparole, parole, and probation status have a liberty interest, so too does [a noncitizen released from immigration detention] have a liberty interest in remaining out of custody on bond.").

    2.      *Process owed in connection with re-detention*

Given that Petitioner has a protected liberty interest in her conditional release, the question is what process she is owed before the government would

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                    **Date:**  April 28, 2026

**Title:**        *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

======================================================================

take that liberty interest away. Petitioner claims that due process required process *before* she was taken into custody. (Pet. ¶ 55.) She thus argues that the appropriate habeas remedy is for her to be released back to the community. (Pet. at 16.) The Court agrees.

To determine what procedures are constitutionally sufficient to protect a liberty interest, the Court applies the three-part test established in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming, without deciding, that *Mathews v. Eldridge* applies in immigration detention context, and collecting authority applying *Mathews* to immigration detention). The *Mathews* test balances three factors:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335. Each of the three *Mathews* factors supports Petitioner's constitutional right to process *before* she was re-detained.

As to the first factor, and as set out in the prior section, the liberty interest at stake here is significant. Petitioner has a substantial interest in remaining in her home, living with her family, working, and maintaining her relationships in the community. *See Ortega*, 415 F. Supp. 3d at 970 (holding that petitioner had a substantial liberty interest where he had been released

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                    **Date:**  April 28, 2026

**Title:**        *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

===================================================================

from custody for 18 months and was living with his wife, spending time with his mother and other family members, working as a bicycle mechanic, and developing friendships in his community).

Turning to the second *Mathews* factor, there is a significant risk that the government will erroneously deprive Petitioner of that liberty interest if it does not provide her with pre-deprivation process. The crux of due process "is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews*, 424 U.S. at 333 (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)) And where a petitioner has not received any custody hearing or other process in connection with the revocation of her parole, "the risk of an erroneous deprivation [of liberty] is high." *Singh v. Andrews*, 803 F. Supp. 3d 1035, 1047 (E.D. Cal. 2025) (cleaned up).

Indeed, Respondents have not identified any process in place to ensure that individuals in Petitioner's position are not detained improperly. Civil immigration detention is constitutionally permissible only to prevent flight or protect against danger to the community. *See Zadvydas*, 533 U.S. at 690. Evaluation of the appropriateness of detention under § 1226(a) is keyed to those same two factors. *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). It was those factors that were necessarily found when Petitioner was initially released. (Pet. ¶ 35); *see Noori v. LaRose*, ___ F. Supp. 3d ___, No. 25-cv-1824-GPC-MSB, 2025 WL 2800149, at *13 (S.D. Cal. Oct. 1, 2025) ("In general, '[r]elease reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'"); *Sun v. Santacruz*, No. 5:25-cv-02198-JLS-JC, 2025 WL 2730235, at *6 (C.D. Cal. Aug. 26, 2025) (citation omitted) (a petitioner's initial release from custody, "at least implicitly," "reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk"). And once she was released, she had a liberty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                    **Date:**  April 28, 2026

**Title:**        *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

==================================================================

interest "in remaining at liberty unless [he] no longer meets those criteria." *Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185, at *13 (E.D. Cal. Sept. 5, 2025) (cleaned up). Respondents have not shown that anyone, let alone a neutral decisionmaker, has considered whether there is any changed circumstance that warrants Petitioner's re-detention, or that there was any process in place to make such a finding.

Finally, Respondents have not articulated any countervailing government interest—the third and final *Mathews* factor—that supports providing this process only after Petitioner's parole has been revoked. Due process "usually" requires a hearing *before* the State deprives a person of liberty or property. *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). Exceptions to that general rule are appropriate where quick action is necessary or where it is impractical to impossible to provide pre-deprivation process. *Id.* at 128. But neither of those exceptions appears to apply here. Respondents do not argue that quick action was necessary here. Indeed, while Respondents apparently detained Petitioner based on her criminal arrest, Respondents saw no need to go pick Petitioner up after she was released from criminal custody, and instead simply waited around until she arrived, faithfully, for her next appointment. On these facts, any possible claims of urgency are substantially undermined.

In short, "[i]f the government wishes to re-arrest [Petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing [or other procedure] is low." *Ortega*, 415 F. Supp. 3d at 970; *see also Morrissey*, 408 U.S. at 483 (noting that "the State has an overwhelming interest in being able to return the individual to imprisonment without the burden of a new adversary criminal trial[,] . . . [y]et, the State has no interest in revoking parole without some informal procedural guarantees"). Because each of the *Mathews* factors favors Petitioner's bid for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                    **Date:**  April 28, 2026

**Title:**          *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

=====================================================================

pre-deprivation process, the Court finds that Petitioner's detention—which was accompanied by *no* process—violates the Due Process Clause.[1]

## III.   Appropriate Remedy

As has been found in countless similar cases in this Circuit, the appropriate remedy in such cases is to order Petitioner placed in the position she would have been absent the due process violation—that is, she should be released from custody on the conditions that were initially imposed. *E.g.*, *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) (granting such relief); *Jasbin v. Warden*, No. 26-CV-579-JES-BJW, 2026 WL 353354, at *4 (S.D. Cal. Feb. 9, 2026) (ordering release due to due process violation despite government's argument that petitioner was only entitled to bond hearing as Maldonado Bautista class member); *Prior v. Chestnut*, No. 1:25-CV-01131-JLT-EPG-HC, 2026 WL 309560, at *9 (E.D. Cal. Feb. 5, 2026) (recommending immediate release as appropriate remedy for due process violation).

---

[1] Petitioner states that she was arrested soon after entry, was found not to be a danger or flight risk, and released on conditions. (Pet. ¶ 35.) Petitioner also alleges that she was precluded from seeking release under *Yajure Hurtado*. Respondents do not contest her allegations and thus the Court will proceed on the assumption that Petitioner was released on conditional parole under § 1226(a). The Court notes, however, that while the analysis is slightly different, the bottom-line relief granted would be the same if she were subject to humanitarian parole for reasons this Court has explained elsewhere. *See* Report and Recommendation, *Torres Suarez v. Warden*, 5:26-cv-00458-SSS-BFM, ECF 18 (C.D. Cal. April 9, 2026) (analyzing the procedural due process rights of an individual released on humanitarian parole and ordering release), *adopted by* ECF 20 (April 13, 2026).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

**Case No.:**  5:26-cv-01974-BFM                **Date:**  April 28, 2026

**Title:**  *Daniela Alejandra Rodriguez Rodriguez v. Warden Adelanto ICE Processing Center et al.*

================================================================

## IV.  Conclusion

Accordingly, the Petition (ECF 1) is granted. Petitioner is ordered released on the conditions previously imposed within 24 hours of this Order. Petitioner's counsel shall file a status report confirming Petitioner's release within three days of his release from custody; if release is delayed for any reason, Petitioner shall promptly notify the Court. Upon receipt of confirmation that Petitioner has been released, judgment will issue and the Court will close the case.

**IT IS SO ORDERED**

cc:    Counsel of Record

Initials of Preparer:     ch